UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff | ) | |
| VS. | ) | Case No. 4:16-CR-126-RGE-CFB |
| | ) | |
| MUJO BECIROVIC, | ) | Supplemental Report and Recommendation |
| Defendant | ) | Concerning the Defendant's Guilty Pleas |

On September 21, 2016, a Superseding Indictment was filed against Defendant Mujo Becirovic, charging him in Count I with conspiracy to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846; in Count II with distribution of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D); Count III with conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846; and in Count VI with possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 841(b)(1)(D)[1].

On November 22, 2016, Defendant appeared with counsel, and entered pleas of Guilty to Counts I and III of the Superseding Indictment, pursuant to the terms of a Plea Agreement filed at the plea hearing. Defendant was questioned by the Court regarding his understanding of the terms of the plea agreement and the possible penalties for entering the guilty pleas to Counts I and III of the Superseding Indictment. The Court found that there was a factual basis for the pleas to these Counts of the Superseding Indictment, and that the pleas were entered knowingly and voluntarily.

In the Plea Agreement, and in the Court's inquiry on November 22, 2016, it was never clearly stated that Defendant understood that his sentences on each count of conviction could be imposed to be served consecutively – one after the other.

On December 19, 2016 (ECF 156), the District Court reviewed the Report and Recommendation that the pleas be accepted, and noted that the maximum term of incarceration, including the possibility of consecutive sentences was not explained in the Plea Agreement or the

---

[1] A Second Superseding Indictment was filed in this case on December 20, 2016. The charges against this Defendant remained the same. No changes were made in the Second Superseding Indictment that affect the terms of the plea agreement entered into on November 20, 2016. He was not arraigned on the Second Superseding Indictment, as he had entered his guilty pleas prior to its filing.

record of the guilty plea colloquy. The case was recommitted to complete the record addressing the maximum potential penalties for pleas on Counts I and III of the Superseding Indictment.

On December 29, 2016, Defendant appeared personally, and with counsel Matthew Whitaker; the Government appeared by Assistant U. S. Attorney Mikaela Shotwell. The parties again consented to proceed before a U.S. Magistrate Judge for the supplemental plea proceeding. Defendant was placed under oath, and the Court found that he understood the proceedings, and had had sufficient time to discuss the matter with counsel. Defendant and his counsel, along with the attorney for the Government reviewed and stipulated to an Addendum to the Plea Agreement, which has been filed separately. The Addendum amends Paragraph B(4) of the Plea Agreement filed November 22, 2016, to include an explanation that the sentences on the two felony convictions for Count I and Count III could be imposed consecutively, and not concurrently:

*Defendant understands that he is pleading guilty to two separate felony charges, and that the prison sentences from these two convictions may be imposed to be served consecutively (one after the other) and not concurrently (serving both at the same time). No one has promised Defendant how the terms of these sentences will be imposed. Consecutive maximum sentences for convictions on Counts I and III of the Superseding Indictment would be sixty (60) years, with a five (5) year mandatory minimum sentence on Count III.*

Defendant understands and agrees to be bound by this addendum, and to the terms of all parts of the Plea Agreement filed November 22, 2016. Defendant again entered pleas of guilty to Count I and Count III of the Superseding Indictment. I find that each guilty plea is knowingly and voluntarily entered, Defendant understands all of the possible penalties of these convictions, and each plea has an independent factual basis for the essential elements of each offense. Pursuant to 28 U.S.C. § 636(b)(1), I recommend that the guilty pleas to Counts I and III of the Superseding Indictment be accepted. A presentence report has been ordered. A sentencing date has been set.

Dated this 29th day of December, 2016.

_____
CELESTE F. BREMER
U. S. Magistrate Judge